# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

Case No. 5:20-cv-00042-KDB-DSC

EARL COOK,

      Plaintiff,

v.

UNITED PARCEL SERVICE INC.,

      Defendant.

_____

## **CONFIDENTIALITY PROTECTIVE ORDER**

Defendant UNITED PARCEL SERVICE INC. submits for entry this Protective Order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery. Plaintiff has not filed a response and the time for filing a response has expired.

IT IS HEREBY ORDERED THAT:

1.     This Protective Order shall govern all documents and testimony produced by the parties in this action that are designated as confidential.

2. The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Protective Order shall include:

 a. All information and documents produced by Defendant in this action that refer to, reflect upon, or relate to: (i) any current or former employee of Defendant other than Plaintiff, including, but not limited to, documents contained in such employees' personnel and medical files and Defendant's Human Resources Department files; or (ii) trade secrets or other confidential proprietary technical, business, or financial information that is not generally known to the public;

 b. Any medical, psychological, psychiatric, or financial information or records not generally available to the public;

 c. Any other documents or testimony that a party in good faith designates as "confidential."

The information and documents protected by this Protective Order shall be referred to as "confidential materials."

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request,

interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, or otherwise.

4. Such confidential materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

    a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in this action;

    b. The parties in this action;

    c. The Court and court personnel;

    d. Court reporters at the proceedings in this action;

    e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set out in Paragraph 5 below; and

    f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set out in Paragraph 5 below.

5. Prior to making the disclosure of any confidential materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the

3

purposes set forth in this Protective Order. Additionally, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Protective Order.

6. In the event that any confidential materials are referred to or used in the deposition of any person in this case, any party or any counsel for the deponent may, during the deposition or within fourteen days after receiving a copy of the deposition transcripts, designate portions of the transcript as "confidential." Deposition exhibits previously produced as "confidential" shall remain protected under this Protective Order regardless of whether the parties' counsel exercises the option provided by this paragraph.

7. This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8. Upon request by the producing party, within thirty days of the conclusion of this action as to all parties, confidential materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party or certified to have been deleted. In the event counsel possesses attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.

9. Nothing in this Protective Order shall prevent a party from any use of its own confidential materials. Moreover, nothing in this Protective Order shall limit the right of the parties to use confidential materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this action.

10. Under the Court's Pretrial Order and Case Management Plan (Dkt. 12), any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall

5

Case 5:20-cv-00042-KDB-DSC   Document 15   Filed 07/28/20   Page 5 of 10

indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five days from the date that the original motion is filed to file a response.

A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

11. The disclosure or production of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

Upon written notification from the producing party to the receiving party identifying the disclosed Privileged Material, the receiving party shall not review or use the disclosed Privileged Material in any respect; shall within ten business days sequester, return, and delete, all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged

Material); shall take reasonable steps to retrieve such Privileged Material if the receiving party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

If the receiving party receives documents, ESI, or other forms of information from the producing party that, upon inspection or review, appear in any respect to contain or constitute Privileged Material, the receiving party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the Privileged Material to the producing party.

The receiving party may object to the producing party's designation of disclosed information as Privileged Material by providing written notice of such objection within five business days of its receipt of a written demand for the return of the disclosed Privileged Material. Within ten business days of the producing party's receipt of the receiving party's written notice of objection, the parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. Pending resolution of any such dispute, the receiving party shall not review and shall not use the disclosed Privileged Material in any respect.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or

7

Case 5:20-cv-00042-KDB-DSC   Document 15   Filed 07/28/20   Page 7 of 10

shall serve to limit a party's right to review, segregate, and withhold documents, ESI or information (including metadata) on the basis of relevance, responsiveness to discovery request, and/or privilege or other protection from disclosure.

12. In the event that any party disagrees with any designation of "confidential" information, counsel shall notify opposing counsel in writing of the objection. The parties shall confer and attempt to resolve the matter informally. If they are unable to do so, the designating party shall make an application to the Court for a determination whether particular documents or other information should be treated as "confidential." The information in question shall be treated as "confidential" until the dispute is resolved (either by agreement of counsel for the parties or by an order of the Court).

13. Under the Court's Pretrial Order and Case Management Plan (Dkt. 12), the ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

14. Nothing in this Order shall be binding upon the Court or court personnel.

**SO ORDERED**.  Signed: July 28, 2020

David S. Cayer
United States Magistrate Judge

FORM OF ORDER PROPOSED BY

*s/ Ethan Goemann*
Ethan Goemann, NC Bar No. 50731
Seyfarth Shaw, LLP
121 W. Trade Street, Suite 2020
Charlotte, N.C. 28202
Telephone: 704-925-6026
Facsimile: 704-946-6083
EGoemann@seyfarth.com

J. Stanton Hill
Georgia Bar No. 519958
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Email: shill@seyfarth.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
Case No. 5:20-cv-00042-KDB-DSC

EARL COOK,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

_____

## ACKNOWLEDGMENT - EXHIBIT A

I, _____, hereby acknowledge that I have read the Protective Order entered into on _____, 2020 in connection with the above-captioned action and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

This ____ day of _____, 20___.

                                              _____